MacArthur, J.,
dissenting, said:
That he did not think the claim of Mrs. Darby could be set off' in this case, for the reason that the demands were not mutual debts, as that term is understood in a court of equity. It is undoubtedly true, that if Darby, in his life-time, could have claimed to set off the indebtedness to his wife against *360 Ills own note, sho would now he entitled to the same benefit. But I suppose it will not be pretended that this set-oii' would be allowed the husband if he were alive and the assignees were suing him upon his note. IIow, then, can the wife have a benefit which would be denied the husband ? Simply not for the reason that the debts are not mutual, aud the wife is therefore in the same plight and condition as her husband. It is said she is a surety. But the liability of the surety arises only upon the default of the principal, and upon satisfying the debt she is entitled to be subrogated to all the securities in the hands of the creditor. Now, what is the case here ? The defendants are assignees or trustees of an insolvent corporation. They take its assets just in the condition they were at the time of the failure; and the rights of the creditors of the corporation from that moment become vested, and cannot be impaired by any subsequently acquired claims of other persons. It is true that the debtors do not lose any of their rights of set-off which they had at the time the corporation became insolvent. But the assignees or trustees take the assets subject to this and other existing liens in trust for equal distribution among all the general creditors, and no one can obtain any advantage over them by means of anything that may happen afterwards. This doctrine is fully sustained by the cases cited in the note referred to in 2 Smith’s Leading Cases, 6th Am. ed., 320. And this court has decided, with reference to this institution, that a debtor could not set off a claim purchased after notice of the failure of the bank. This is upon the principle that no one can obtain an unfair advantage to the injury of the other creditors. Now, Mrs. Darby acquired her title absolute to the property in question long after the corporation had closed its doors. The note was made by Darby in August, 1872, payable in one year. On June 29, 1874, after the note was overdue, the bank suspended and the trustees took possession of all its hooks and assets. Afterwards, in March, 1875, Darby died, leaving a will giving all his property to his wife. Before this event the corporation creditors had become entitled *361 to an equal distribution of its assets, just as they were in the month of June of the previous year. Among those assets was Darby’s note for $2,000, which had been overdue for nearly a year. When the bank stopped, clearly Darby, who was then alive, could not have availed himself of the offset now claimed; and the whole amount of the note therefore became vested in the trustees for the benefit of the creditors. The subsequently acquired title of Mrs. Darby.could not affect this vested interest. At the time she joined in the trust deed, she was only entitled to a life estate in a portion of the property, and I am unable to see how the subsequent death of her husband, leaving a will whereby he devised her all his property, can-divest to any extent the equities already acquired by the trustees for the benefit of other creditors. If it be admitted that she is in the situation of a surety in respect of her life estate in a portion of the property, which was the only interest she could convey, it cannot, I think, be pretended that she is also a surety in respect of the land belonging in fee-simple to her husband, or the title to the rest of the property of which he was seized in fee in right of his wife. With reference to these she could acquire no rights of suretyship which could affect the interest of the creditors, for she did not and could not mortgage them. . In my judgment she should not, therefore, be permitted to take all the real-estate securities without this incumbrance, simply upon paying the difference between her husband’s debt and her own claim.
I have not found a decision which sustains the doctrine that a surety can seize upon all the collateral securities and set off at the same time a personal claim against the indebtedness of the principal. Perhaps it would be indecorous in me to say there are no authorities to that effect, since a fuller examination than I have had an opportunity to bestow might discover that I was in error. But for the reasons stated I am of opinion that the deci’ee below ought to be reversed.